**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4090

JOSEPH OSBORNE KAHOE, III, a/k/a
Joseph Kahoe,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-95-386-A)

Submitted: March 31, 1997

Decided: January 15, 1998

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles S. Cox, Jr., Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Marcus J. Davis, Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Joseph Osborne Kahoe III appeals from his conviction for possession of a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1) (1994). We affirm.

Kahoe first contends that the district court erred in admitting evidence found during a warrantless search of his car. Briefly, according to the facts at the suppression hearing, Kahoe and his girlfriend were found well after closing time in a state park. The officer who noticed their abandoned car testified that he believed the couple was attempting to avoid his detection. Upon realizing that they had been seen, the couple returned to Kahoe's car whereupon the officer began to question Kahoe. Following a few questions and an inspection of Kahoe's driver's license, the officer recognized Kahoe from an arrest earlier in the year at which the officer had noticed the smell of marijuana.* Kahoe denied this earlier arrest but admitted to an arrest in the District of Columbia during which police found cocaine and a firearm in his car. When questioned, Kahoe stated that he did not have any cocaine in his car. When asked if he had a firearm in the car, Kahoe hesitated before responding, "[n]ot that I know of." The officer then requested and was denied permission to search the car. Following this denial, the officer ordered Kahoe's girlfriend, Williams, to exit the car. The officer then noticed a bulge under the floor mat on the driver's side. After lifting the floor mat, the officer found the firearm which is the subject of the instant offense.

We find these facts sufficient to justify the officer's search. Kahoe's presence in the park after dark and well after closing hours, his attempt to evade the officer's detention, his lie to the officer regarding his initial arrest, and his nervous behavior provided the officer with the necessary reasonable suspicion to detain Kahoe for brief questioning. See Terry v. Ohio, 392 U.S. 1, 30 (1968). These same facts and the questioning also justified the officer's request that Wil-

_____

*This point is of some additional relevance given that the officer observed a pack of cigars, commonly used to fashion "blunts," in Kahoe's car.

2

liams exit the vehicle. See Maryland v. Wilson , ___ U.S. ___, 65 U.S.L.W. 4124 (U.S. Feb. 19, 1997) (No. 95-1268). Finally, all of these facts together with the bulge observed under the floor mat, which was in plain view after Williams' exit, justified the search of the vehicle notwithstanding Kahoe's denial of consent. See Michigan v. Long, 463 U.S. 1032, 1051 (1983); United States v. Baker, 78 F.3d 135 (4th Cir. 1996). We thus find that the district court committed no error in denying Kahoe's motion to suppress.

Kahoe next contends that the district court erred in determining that a prior conviction, as defined by 18 U.S.C. § 921(a)(20) (1994), accrues upon a plea of guilty. Kahoe argues instead that a final judgment of conviction is necessary and that because the final judgment of conviction in his "prior conviction" was not entered until after the commission of the instant offense, there was, in fact, no prior conviction to support the § 922(g) charge. We find this argument to be unconvincing and agree instead with the Government's contention that a conviction accrues upon a defendant's plea of guilty. See Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 112-14 (1983). We also find unconvincing Kahoe's assertion that congressional amendments to 18 U.S.C. § 921(a)(20) were designed to overrule Dickerson as that case's holding applied to federal convictions. We thus find that Kahoe's prior guilty plea, which was entered and accepted before his commission of the instant offense, constituted a prior conviction for purposes of § 922(g).

Kahoe's final argument is that there was insufficient evidence to support the verdict against him. To bolster this argument, Kahoe points to what he terms a "significant conflict" in the Government's case-in-chief. We have reviewed the portion of the testimony to which Kahoe refers and find the conflict to be minor. We have further reviewed the entirety of the testimony presented at trial and find that the verdict was supported by substantial evidence. See Glasser v. United States, 315 U.S. 60, 80 (1942). We therefore affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3